**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: March 19 2014

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 12-34772 |
| | ) | |
| Steven J. Music, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 13-3017 |
| | ) | |
| David Davis, et al., | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| Steven J. Music, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding is before the court on Plaintiffs' Motion for Summary Judgment ("Motion") [Doc. # 21], and Defendant's response [Doc. # 27]. Defendant is a debtor in the underlying Chapter 7 case pending in this court. Plaintiffs allege in their complaint that debts owed to them by Defendant are nondischargeable under 11 U.S.C. § 523(a)(6).

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising under a case under Title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings to determine the dischargeability

of debts are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(I). For the reasons that follow, Plaintiffs' Motion will be granted.

## FACTUAL BACKGROUND

In 2011, Plaintiffs brought a lawsuit against Defendant in the Court of Common Pleas, Shelby County, Ohio ("State Court"). [Doc. # 1, Complaint, ¶ 7; Doc. # 11, Answer, ¶ 4]. Plaintiffs include in the record in support of their Motion the following documents relating to the State Court litigation: Plaintiffs' complaint, Defendant's answer, the State Court docket summary, jury verdict form, jury interrogatories, judgment entry, [Pl. Exs. 1 -3, 5-7], and the transcript of the trial in state court, [Doc. ## 22 & 23].[1] Based upon the State Court documents and the portions of the trial transcript cited by Plaintiffs in their Motion, which testimony Defendant has not put in dispute, the court finds that the following facts are undisputed.

In their State Court complaint against Defendant, Plaintiffs alleged three causes of action. They alleged that (1) Plaintiff David Davis ("Davis") suffered physical injuries, including a fractured eye socket, as a direct and proximate result of Defendant's assault of Davis on exiting a tavern in Botkins, Ohio, (2) Davis suffered such injuries as a direct and proximate result of being negligently struck by Defendant, and (3) as a result of Defendant's actions, Plaintiff Connie Davis incurred damages, including loss of consortium. [Pl. Ex. 1]. After trial, the jury returned a verdict against Defendant and in favor of Davis, finding Davis entitled to compensatory damages in the total amount of $134,865.74. [Pl. Ex. 5 & 6]. The jury also found in favor of Connie Davis and against Defendant in the amount of $10,000.00. [Pl. Ex. 5, p. 1]. Finally, the jury made an additional award "to the plaintiff" of punitive damages in the amount of $25,000.00. [Pl. Ex. 5, p. 2]. Neither the jury verdict nor the jury interrogatories state under which count of the complaint the jury found Defendant liable. On September 5, 2012, the State Court entered judgment, which provides in its entirety as follows:

> Upon submission of the same to the jury, verdicts were returned in favor of the Plaintiff, David Davis and against the Defendant Steven Music in the sum of $134,865.74

---

[1] Although none of the documents offered in support of Plaintiffs' Motion are authenticated, Defendant has not objected to Plaintiffs' reliance on such documents. The court will, therefore, consider the documents for purposes of determining Plaintiffs' Motion. *See* Fed. R. Civ. P. 56(c)(1) and (2); *Loadman Group, L.L.C. v. Banco Popular North America*, No 4:10CV1759, 2013 WL 1154528, *9, 2013 U.S. Dist. LEXIS 40267, *28-29 (N. D. Ohio March 19, 2013) (explaining that the 2010 amendment to Rule 56 "replaces a clear, bright-line rule ('all documents must be authenticated') with a multi-step process by which a proponent may submit evidence, subject to objection by the opponent and an opportunity for the proponent to either authenticate the document or propose a method for doing so at trial"); *Obnamia v. Shinseki*, No. 11-1204, 2013 WL 5408267, *2, 2013 U.S. Dist. LEXIS 137621, *5 (S.D. Ohio Sept. 25, 2013) (explaining that subject to the opposing party's objection, Rule 56 "allows a party making or opposing a summary judgment motion to cite to materials in the record, whether authenticated or not"); *Martin v. Performance Boat Brokerage.com, LLC*, No. 11-1204, 2013 WL 5317460, *3, 2013 U.S. Dist. LEXIS 135543, *9 (W.D. Tenn. Sept. 23, 2013) (explaining that "the objection contemplated under Rule 56 as amended is not that the material 'has not' been submitted in admissible form, but that it 'cannot' be").

and in favor of the Plaintiff, Connie Davis and against the Defendant, Steven Music in the sum of $10,000.00. Further, punitive damages in the sum of $25,000.00 were awarded to Plaintiff David Davis against the Defendant Steven Music.

Judgment in favor of the Plaintiffs and against the Defendant as set forth herein is so ordered.

Costs assessed against the Defendant, Steven Music.

[Pl. Ex. 7]. No post-judgment motions or appeal were filed. [*See* Pl. Ex. 1].

In support of their Motion, Plaintiffs also direct the court to certain testimony set forth in the transcript of the trial in State Court. Defendant testified that he had taken probably three Vicodins the evening of the assault, [Doc. # 23-2, Trial Tr., p. 273], he did not remember hitting Plaintiff, Plaintiff did nothing the evening of the assault to upset or provoke Defendant, and Defendant's only memory of the evening is being in the back of a police car, [*Id.* at 274]. When asked if he had ever met Davis' wife, Defendant testified that she had come to the bar to pick Davis up on a prior occasion. [Doc. # 23-2, p. 280].

Earlier in the evening of the altercation, Defendant had been taken outside of the tavern because it appeared he was going to get into a fight with another individual. [*Id.* at 253]. Witnesses described Defendant as being "extremely intoxicated," [Doc. # 22-2, p. 139; Doc. # 23-1, p. 229], and "flipped out" and not knowing where he was at, [Doc. # 23-3, p. 313]. He had been kicked out of the bar after throwing a napkin holder at the bartender when the bartender failed to acknowledge his request for another drink. [*Id.* at 223]. Outside the bar, Defendant was angry, took his shirt off and was pacing by the roadway. [*Id.* at 224].

Plaintiff went outside the bar, picked up Defendant's shirts and offered to take Defendant and his wife home. [Doc. # 22, p. 30-31]. One witness, who had been asked by Defendant's wife to take her and Defendant home shortly before the altercation, testified that "we were gonna go home; and somehow [Plaintiff] got in between, and he just kind of grabbed [Defendant] by the arm and said, you know, I can take you home or blah, blah; and [Defendant] said get your hands off me; and then it was, like, bam, bam." [Doc. # 23-3, p. 312-14]. Defendant punched Davis on the left side of his face around his eye, knocked him to the ground and jumped on top of him. [Doc. # 22, p. 31]. A witness testified that "it was just maybe two punches were thrown . . . [Defendant] hit him and then we pulled [Defendant] off him" [Doc. # 23-3, p. 315]. A police officer at the scene after the altercation described Defendant as being "very abusive and uncooperative" with the investigating police officer and "trying to start fights with other people." [Doc. # 22-2, p. 125]. Defendant directs the court to nothing that puts this testimony in dispute.

3

On October 22, 2012, Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code. Plaintiffs timely commenced this adversary proceeding, seeking a determination that the State Court judgment debt is nondischargeable and asking the court to grant them "pre-judgment and post-judgment interest as provided by law, reasonable attorneys' fees, costs and expenses." [Doc. #1, p. 3].

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id.*

### II. 11 U.S.C. § 523(a)(6)

Plaintiffs seek a nondischargeability determination under § 523(a)(6) with respect to the debt owed by Defendant pursuant to the state court judgment. That subsection provides that a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable. 11 U.S.C. § 523(a)(6). In order to be entitled to a judgment that the debt is excepted from discharge, Plaintiffs must prove by a preponderance of the evidence that the injury from which the debt arises was both willful and malicious. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999); *J & A Brelage, Inc. v. Jones (In re Jones)*, 276 B.R. 797, 801-2 (Bankr. N.D. Ohio 2001).

Addressing the "willful" requirement of § 523(a)(6), the Supreme Court specifically held in *Kawaauhau v. Geiger*, 523 U.S. 57 (1998), that "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 526(a)(6)." *Id.* at 63. Rather, the Court explained that "[t]he

4

word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury." *Id.* at 61-62. A willful injury occurs when "(i) the actor desired to cause the consequences of the act or (ii) the actor believed that the given consequences of his act were substantially certain to result from the act." *Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298, 307 (B.A.P. 6th Cir. 2004) (citing *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir. 1999)). Under § 523(a)(6), "'malicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent." *Id.* (citing *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986)).

Plaintiffs first argue that they are entitled to judgment as a matter of law on its complaint in this case based upon the collateral estoppel, or issue preclusion, effect of the State Court judgment. Alternatively, Plaintiffs rely on the State Court trial transcript as setting forth facts entitling them to judgment as a matter of law. For the following reasons, the court finds that collateral estoppel applies only to the malicious nature of Plaintiff's injuries and to damages. Although it does not apply to the willful injury determination under § 523(a)(6), Plaintiffs have set forth specific facts that Defendant has not put in dispute showing that Defendant willfully injured them such that they are entitled to judgment as a matter of law.

### A. Collateral Estoppel

According to Plaintiffs, the collateral estoppel, or issue preclusion, effect of the State Court judgment precludes Defendant from arguing that the debt owed by him is not a debt for willful and malicious injuries. Under 28 U.S.C. § 1738, the federal full faith and credit statute, a federal court must accord a state court judgment the same preclusive effect the judgment would have in state court. *Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 703 (6th Cir. 1999). Under Ohio law, there are four prerequisites to the application of the doctrine of collateral estoppel: (1) a final judgment on the merits after a full and fair opportunity to litigate the issue; (2) the issue was actually and directly litigated in the prior action and must have been necessary to the final judgment; (3) the issue in the present suit must have been identical to the issue in the prior suit; and (4) the party against whom estoppel is sought was a party or in privity with the party to the prior action. *Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 189 (B.A.P. 6th Cir. 2002); *Cianciola v. Johnson's Island Prop. Owner's Assn.*, 981 N.E.2d 311, 315 (Ohio App. 2012). "Issue preclusion precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Medical Ctr. v. Hoffmann-LaRoche, Inc.*, 80 Ohio St. 3d 212, 217 (1997). The person asserting collateral estoppel carries the burden of proving its requirements by a preponderance of the evidence. *A Packaging Service Co. v. Siml (In re Siml),* 261 B.R. 419, 422 (Bankr. N.D. Ohio 2001).

5

It is undisputed that Defendant was a party in the prior State Court action. There is also no dispute that a final judgment was entered in the State Court action and that Defendant had a full and fair opportunity to litigate the Plaintiffs' claims in that case, including the issue of damages. Thus, the first and fourth elements under *Sweeney* are satisfied. As to the second and third elements, even assuming that the elements of an assault claim under Ohio law mirror the elements of a § 523(a)(6) claim, a finding in favor of Plaintiffs on the assault claim was not necessary to the final judgment. Plaintiffs' State Court complaint alleged both an intentional tort and negligence. Neither the jury verdict, jury interrogatories, nor the State Court judgment refer to the claim on which Davis prevailed. And Connie Davis' loss of consortium claim is a derivative claim of either the intentional tort or negligence claim. The court thus finds the State Court judgment does not have an issue preclusive effect as to whether the debts owed by Defendant are for willful injuries to Plaintiffs.

Nevertheless, Plaintiffs argue that the State Court judgment awarding punitive damages has issue preclusive effect as to whether Defendant maliciously injured Plaintiffs. Initially, the court notes that punitive damages were awarded to David Davis only. Under Ohio law, punitive damages may be awarded on either an intentional tort or negligence claim only on a showing of malice. *See* Ohio Revised Code § 2315.21(C)(1) and (2); *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 490 (2009) (explaining that punitive damages are available in negligence actions if compensatory damages are awarded). "Malice" is defined by Ohio courts as "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Malone v. Courtyard by Marriott L.P.*, 74 Ohio St. 3d 440, 445-46 (1996) (quoting *Preston v. Murty*, 32 Ohio St. 3d 334, syllabus (1987)). Similarly, as stated above, under § 523(a)(6), "'malicious' means in conscious disregard of one's duties or without just cause or excuse. *Trantham*, 304 B.R. at 307. Although it does not require a showing of hatred, ill-will, or a spirit of revenge, *id.*, such a showing would also satisfy the malicious injury element of § 523(a)(6). As this definition is sufficiently similar to the definition of malice under Ohio law, and because malice was actually and directly litigated and was necessary to the final judgment, the State Court judgment has issue preclusive effect with respect to the malicious injury element of § 523(a)(6).

The court also finds that the State Court judgment has issue preclusive effect as to damages. The issue of damages was actually and directly litigated, was necessary to the final judgment and is identical to the issue of Plaintiffs' damages in this case. As discussed below, the undisputed facts show that the debt owed by Defendant to Plaintiffs is the result of willful and malicious injuries inflicted by him upon

6

Plaintiffs. *See Cohen v. Cruz,* 523 U.S. 213, 220 (1998).

### B. State Court Trial Transcript

The State Court trial transcript sets forth testimony of witnesses to the altercation that occurred in the evening outside a bar between Defendant and Davis. The testimony indicates that after Davis had taken Defendant by the arm and offered to take him home, Defendant said, "get your hands off of me" and punched Davis in the face twice and jumped on top of him before being pulled off of him. The trial testimony further indicates that Defendant was intoxicated, abusive and was trying to start fights with people that night.

There is no suggestion that Defendant accidently punched Davis. That the punches were thrown deliberately is supported by the fact that Defendant then jumped on top of Davis and had to be pulled off of him. This court concludes, as have other courts, that injuries arising from a deliberate punch are intended. *See Continental Ins. Co. v. Adams*, 438 F.3d 538, 540 (6th Cir. 2006) (stating that "[a] court may infer intent on summary judgment where the [assailant's] conduct is both intentional and of such a nature and character that harm inheres in it, that conduct affords a sufficiently clear demonstration of intent to harm subsuming any need for a separate inquiry into capacity"); *Drake v. Richerson*, No. 5:11CV1898, 2012 WL 2681413, *4, 2012 U.S. Dist. LEXIS 93449, *12-13 (N.D. Ohio July 6, 2012) (citing cases); *Bailey v. Bevilacqua*, 158 Ohio App.3d 382, 385 (2004); *United Ohio Ins. Co. v. Vanosdol*, No. CA92-08-073, 1993 WL 185612, 3, 1993 Ohio App. LEXIS 2746, *9 (Ohio App. June 1, 1993) (evaluating whether an "intended" injury is inherent in punching another person in the face, and observing that "[i]t simply belies common sense for [the assailant] to suggest that he intended to hit [the victim] but did not intend any bodily injury"). Plaintiffs have met their burden of demonstrating a willful injury perpetrated by Defendant – *i.e.* Defendant desired to cause injury to Davis or was substantially certain that an injury would result when he punched Davis in the face not once, but twice.

As discussed above, the collateral estoppel effect of the State Court judgment precludes Defendant from arguing that the injury was not malicious. Moreover, Plaintiffs have also met their burden of demonstrating a malicious injury in that Defendant punched Davis in anger and without just cause or excuse. *See Trantham*, 304 B.R. at 307. Defendant's own testimony was that Davis did nothing to provoke the assault.

Although the trial testimony indicates that Defendant was intoxicated and did not know where he was at the time of the altercation, and that, after the fact, he has no memory of the altercation, such testimony alone does not negate the willful and malicious elements of § 523(a)(6). While some courts have

7

found that voluntary intoxication is not a defense to a § 523(a)(6) claim, *see*, *e.g., Wachter v. Herman (In re Herman)*, No. 94-30692, 1994 WL 188 7491, *3, (Bankr. D.N.D. Nov. 8, 1994); *Wilson v. Ray (In re Ray)*, 51 B.R. 236, 240 (B.A.P. 9th Cir. 1985) (stating that "[o]ne who voluntarily embarks upon a course, which a reasonable person knows, or should know, may significantly impair ability to exercise reasonable care, should be held to have intended the consequences which occur as a result of the diminished capacity), other courts have considered it in determining the requisite intent, *see Landry v. Dunlop (In re Dunlop)*, Adv. No. 05-1202, 2006 WL 3827417, *4, 2006 Bankr. LEXIS 5004, *13-14 (Bankr. D.N.H. Dec. 27, 2006). To the extent that voluntary intoxication can be considered, the trial testimony cited by Plaintiffs does not, by itself, create a genuine dispute as to whether Defendant had the mental capacity to intend to cause injury to Plaintiffs when he punched Davis twice and jumped on top of him, and Defendant directs the court to no testimony or evidence indicating that he did not have such mental capacity.

Plaintiffs have also met their burden of demonstrating a willful and malicious injury by Defendant to Connie Davis. Defendant knew Davis was married and thus knew, or was substantially certain, that a serious injury incurred by Davis would cause her a loss of consortium. *See Jendusa-Nicolai v. Larsen*, 677 F.3d 320, 322 (7th Cir. 2012) (stating that a claim for loss of consortium, like an award of punitive damages, is derivative from the injury that the debtor committed intentionally and finding a debt for loss of consortium nondischargeable under § 523(a)(6)).

There being no genuine issue of fact for trial, Plaintiffs are entitled to summary judgment on their non-dischargeability claim under § 523(a)(6).

### C. Pre-Judgment Interest, Attorney Fees and Costs

In their Motion, Plaintiffs seek not only an order that the State Court judgment debt and costs in that action are nondischargeable, but also that the statutory interest accruing thereon and the attorney fees and costs incurred in this litigation be deemed nondischargeable under § 523(a)(6).[2] [Doc. # 21, p. 3-4]. Under *Cohen v. de la Cruz*, 523 U.S. 213, 220 (1998), all debts "as a result of," "by reason of," or "arising from" the willful and malicious injuries caused by Defendant are nondischargeable. Thus, the judgment debts and costs awarded under the State Court judgment are non-dischargeable, as is any post-judgment interest on

---

[2] Although in their adversary complaint, Plaintiffs also sought attorneys' fees incurred in the State Court litigation, such fees are not sought in their motion for summary judgment, presumably because they were not awarded in the State Court judgment, which is a final judgment, and no post-judgment motion requesting such fees was ever filed. Similarly, to the extent that Plaintiffs' complaint seeks prejudgment interest on the State Court judgment, such interest was not awarded in the final judgment and no post-judgment motion requesting prejudgment interest was ever filed. *See* Ohio Rev. Code § 1343.03(B) & (C) (providing that interest on a judgment rendered in a civil action based on tortious conduct shall be computed from the date the judgment is rendered unless upon motion of a party, the court makes certain determinations that entitle the party to pre-judgment interest).

the debts due pursuant to that judgment to which Plaintiffs are entitled under Ohio Revised Code § 1343.03(A) and (B).

The court will also award Plaintiffs costs for the filing fee for the complaint in this proceeding. However, with respect to attorney fees, generally, under the "American Rule," which applies to litigation in the bankruptcy courts, a prevailing litigant may not collect attorney fees from his opponent unless authorized by federal statute or an enforceable contract between the parties. *In re Sheridan*, 105 F.3d 1164, 1166 (7th Cir. 1997). There must, therefore, be a statute, a contract or other specific rule of common law authorizing an award of attorney's fees. *See Travelers Cas. & Sur. Co. of America v. Pacific Gas & Electric Co.*, 549 U.S. 443, 448 (2007). Plaintiffs do not specify and the court does not find any legal or factual basis for an award of attorney's fees incurred by Plaintiff in this proceeding.

There is no basis in the Bankruptcy Code for an award of attorney's fees to a creditor successfully prosecuting a § 523(a)(6) claim. *Cf.* 11 U.S.C. § 523(d)(debtors shall be awarded attorney's fees in certain circumstances not present here). Nothing in § 523(a)(6) indicates that Congress intended the prevailing party to be awarded fees.

## CONCLUSION

Plaintiffs having satisfied their burden under 11 U.S.C. § 523(a)(6), and the court finding no genuine issues of material fact for trial, the court will grant summary judgment with respect to the judgment debt owed to them by Defendant.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiffs' Motion for Summary Judgment [Doc. # 21] be, and hereby is, **GRANTED.** The court will enter a separate judgment in accordance with this Memorandum of Decision.

###